# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. 10-CR-1719-JEC

ROBERT COLBORN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Mr. Colborn's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for an Order Enforcing this Court's Judgment that Mr. Colburn Receive Concurrent Sentence Credit*, filed June 8, 2012 (Doc. 38) ("Motion"). Defendant requests that the Court "enter an order directing the Attorney General to credit [Defendant] for the time he served while in official custody, from July 20, 2010 to May 5, 2011, by designating the state prison (Roswell Correctional Center) as the official detention facility at which his sentence time commenced." Mot. at 3. The Court will deny the Motion.

The criminal file indicates that on July 7, 2010, the Court issued a Writ of Habeas Corpus ad Prosequendum for Defendant to the New Mexico Department of Corrections, and Defendant was transferred from the Roswell Correctional Center ("state prison") for prosecution in the above-captioned criminal proceeding. This Court entered judgment on May 5, 2011, sentencing Defendant to a term of imprisonment of 27 months, to run concurrently with the undischarged portion of his state court sentence.

Defendant asserts that the BOP has not credited him for the time he spent in custody between July 20, 2010, when he was transferred, and May 5, 2011, the date of his sentencing. Mot. at 1-2. Defendant requests that the Court enter an order directing the Attorney General to credit him for this time served by designating the state prison as the official detention facility at which his sentence commenced. *Id*. at 3.

Even if this Court were to enter such an order, Defendant's post-conviction custodian–the United States Attorney General or the BOP--would not be bound by the order. The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including location of service and computation of the term. *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (location); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992) (noting BOP's discretion as to pre-release home confinement); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992)). Thus, an inmate who believes his sentence has been computed incorrectly must appeal the matter through the BOP's Administrative Remedy Program. *See* Doc. 38-1 (Letter from the BOP's Operations Manager, Designation and Science Computation Center, to Defendant, dated April 20, 2012) at 1. *See also* BOP Program Statement 1330.13, Administrative Remedy Program (inmates challenging sentencing calculations are required to exhaust the administrative remedy process prior to seeking judicial review).

As set forth in the BOP Program Statement, Defendant's concerns must be addressed to prison officials through the BOP's administrative remedy process. If Defendant is dissatisfied with administrative remedies, he may then seek relief in a petition under 28 U.S.C. § 2241 in the court of the district in which he is incarcerated, *see United States v. Buck*, No. 99-2129, 1999 WL 811685,

at **2 (10th Cir. Oct. 12, 1999), if he wishes to pursue a claim "that the execution of his sentence violates federal law or the Constitution." *United States v. Miller*, 594 F.3d at 1242.

**IT IS THEREFORE ORDERED** that *Mr. Colborn's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for an Order Enforcing this Court's Judgment that Mr. Colburn Receive Concurrent Sentence Credit*, filed June 8, 2012 (Doc. 38) ("Motion") is **DENIED** without prejudice as to his administrative remedies or his rights under 28 U.S.C. § 2241.

Dated September 21, 2012

_____
SENIOR UNITED STATES DISTRICT JUDGE