## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. CR 10-1719 JB

ROBERT FRANKLIN COLBORN,

      Defendant,

and

ROBERT FRANKLIN COLBORN,

      Petitioner,

vs.                                                                                          No. CIV 14-0560 JB/WPL

R. HATCH,

      Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court under rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Defendant-Petitioner Robert Franklin Colborn's pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus filed on June 18, 2014 (CIV Doc. 1; CR Doc. 50). Colborn is currently confined at the Northeast New Mexico Detention Facility, a privately operated New Mexico adult prison. <u>See</u> http://corrections.state.nm.us/apd/nenmdf.html (last visited on June 19, 2014).

The United States Probation Office filed a Petition for Revocation of Supervised Release (CR Doc. 47), which Plaintiff United States of America approves, in this federal criminal proceeding and allegedly lodged a detainer against Colborn at his place of confinement. Colborn

asserts that the detainer procedure has unreasonably delayed adjudication of the revocation petition, in violation of his right to due process.   He does not challenge the validity of the detainer, *see, e.g., Verdi v. State of Ohio, Erie County*, No. 94-3075, 1994 WL 475009, at *1 (10th Cir. Sept. 1, 1994) (discussing appropriate habeas procedures to challenge detainer) (citation omitted); he asks instead to be transferred to federal custody so that he can be sentenced for violating the terms of his supervised release.

Because Colborn is not "[c]halleng[ing] . . . the fact of conviction or confinement or the duration of confinement," Woodruff v. Everett, 43 F. App'x 244, 245 (10th Cir. 2002), his petition fails to present a claim that is cognizable under the habeas statutes, see Woodruff v. Evertt, 43 F. App'x at 245.   See also Heck v. Humphrey, 512 U.S. 477, 481 (1994)(citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).   Colborn's "request for placement in federal custody in order to be sentenced on probation violation" does not implicate the protections of the Great Writ.   See, e.g., Boyce v. Ashcroft, 251 F.3d 911, 914 (ruling that "challenging the BOP's choice of prisons" is not proper matter for habeas), vacated as moot on reh'g, 268 F.3d 953, 955 (10th Cir. 2001).   Cf. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006)("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").   The Court will dismiss Colborn's petition for failure to assert a cognizable claim for relief under § 2241.

**IT IS THEREFORE ORDERED** that Defendant-Petitioner Robert Franklin Colborn's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus filed on June 18, 2014 (CIV Doc. 1; CR Doc. 50) is dismissed without prejudice to his right to move for expedited consideration of the revocation petition in the criminal proceeding; and this civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
   United States Attorney
Lynn Wei-Yu Wang
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
Bowles Law Firm
Albuquerque, New Mexico

    *Attorney for the Defendant-Petitioner*